IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03175-NRN

FELICIANO PAULINO SOARES,

     Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
GEORGE VALDEZ, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,

     Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This case is before the Court on Feliciano Paulino Soares' ("Petitioner") Verified Petition for Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Aurora ICE Processing Center in Aurora, Colorado. ECF No. 1 ¶ 5. He contends that the Respondents are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). Instead, he says, 8 U.S.C. § 1226(a) governs his detention. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS** the Petition.

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g.*, *Rivera v. Valdez*,

No. 26-cv-01765-NRN, 2026 WL 1224072 (D. Colo. May 5, 2026); *Martinez v. Baltazar,* No. 26-cv-01313-NRN, 2026 WL 925537 (D. Colo. Apr. 6, 2026); *Olivas v. Baltazar*, No. 26-cv-00777-NRN, 2026 WL 672897 (D. Colo. Mar. 10, 2026), *Vasquez Gomez v. Bondi*, No. 26-cv-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025).

Petitioner is a native and citizen of Brazil. ECF No. 1 ¶ 9. He came to the United States in 2021 and was detained for over four months at the border before being released into the United States through the Alternatives to Detention Program. *Id.* ¶ 24. Petitioner was originally detained by Immigration and Customs Enforcement ("ICE") agents on August 14, 2025 while in New York on vacation. *Id.* ¶ 26. A federal judge in California granted his habeas petition on April 20, 2026, and Petitioner was released on $7,500 bond. *Id.* ¶¶ 27–30. Four days after his release on bond, Petitioner was stopped for speeding in Utah and, despite the speeding ticket being dismissed, turned over to ICE. He has been detained since April 28, 2026.

2

Petitioner argues that his detention violates the Immigration and Nationality Act ("INA") and his due process rights. He asks that he granted immediate relief or a prompt bond hearing. *Id.* at 20.

Respondents have submitted an abbreviated response, which states, in full:

> Respondents, in their official capacities, hereby respond to the Petition for Writ of Habeas Corpus and the Court's Order to Show Cause. Petitioner, who is in removal proceedings and detained by U.S. Immigration and Customs Enforcement, challenges the lawfulness of the detention. For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (remanding and directing that "the district court shall order the Government to, within seven days of such order, either provide [the petitioner] with a bond hearing or else release him.").

ECF No. 7 at 1–2.

As noted, Respondents cite *Santillan Quiroz*, where the Tenth Circuit recently held that the government may not detain those who have long lived inside the United States as arriving aliens pursuant to 8 U.S.C. § 1225(b)(2)(A); instead, the detention provisions permitting bond at 8 USC § 1226(a) apply to those detained while residing in the United States. The *Quiroz* decision is in accord with the orders issued by this Court and almost every other judge in this District over the past year. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at *2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United

States for years). Accordingly, the Court finds that Petitioner has met his burden showing that his continued detention without an adequate bond hearing is unlawful.

As to the appropriate remedy, on April 20, 2026, an immigration judge ordered bond in the amount of $7,500 for Petitioner's release. Therefore, it has already been determined that Petitioner is not a flight risk or a danger to the community. No further bond hearing is necessary, and Petitioner is entitled to immediate release.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED** as follows.

1) Respondents **SHALL RELEASE** Petitioner within **24 hours** of the issuance of this Order with all of his personal property, including any driver's license, passport, employment authorization documents, and any identification cards. The conditions of release imposed after the April 20, 2026 bond hearing shall remain in effect. Respondents shall not impose any additional restrictions on him, unless they are determined to be necessary at a future pre-deprivation/custody hearing; and

2) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

3) On or before August 6, 2026, the Parties shall file a joint status report confirming Petitioner's release and informing the Court whether further proceedings are required in this case;

4) Petitioner is given leave to forthwith file a motion for attorneys' fees and costs of this suit under the Equal Access to Justice Act, and 28 U.S.C. § 2412(2), *et seq*.; and

5) Respondents shall **SHOW CAUSE** in writing on or before **August 6, 2026** why they should not be sanctioned for unlawfully detaining on April 25, 2026 an individual who had been released on bond—and thus someone who was not a flight risk or a danger to the community—on April 21, 2026. Respondents shall also explain what steps or safeguards are being put in place to ensure that persons released on bond by an immigration judge are not re-detained over and over again.

Dated: July 28, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

5